UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry James Tyler, | ) C/A No.: 4:17-308-MGL-BM |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Eric Hodges, Wayne Byrd, | ) |
| Defendants. | ) |

This is a civil action filed by the Plaintiff, Larry James Tyler, pro se. Plaintiff, a frequent filer of litigation in this Court, is currently detained at the Darlington County Detention Center (DCDC), where he is awaiting civil commitment proceedings pursuant to the South Carolina Sexually Violent Predator Act (SVPA), S.C. Code Ann. §§ 44-48-10 through 44-48-170. See Complaint, ECF No. 1 at 5, 17; see also Tyler v. Byrd, No. 4:16-00400-MGL-BM, 2016 WL 4414834, at * 1 (D.S.C. Jul. 27, 2016), adopted by 2016 WL 4374982 (D.S.C. Aug. 16, 2016).[1]

Plaintiff's Complaint is before the Court for pre-service review. See 28 U.S.C. § 1915(e)(2)(B); In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir.1997)[pleadings by non-prisoners should also be screened]. Under established local procedure in this judicial district, a careful review has been made of the pro se complaint herein pursuant to the procedural provisions of § 1915 and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992);

---

[1] A district court may take judicial notice of materials in the court's own files from prior proceedings. See United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992) [holding that the district court had the right to take judicial notice of a prior related proceeding]; see also Fletcher v. Bryan, 175 F.2d 716 (4th Cir. 1949).



1

Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir.1995) (en banc); and Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).

Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319. Further, while this Court is also required to liberally construe pro se documents, holding them to a less stringent standard than those drafted by attorneys, Erickson v. Pardus, 551 U.S. 89, 94 (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990). Such is the case here.

### Plaintiff's Allegations

Plaintiff alleges that his Fourteenth, First, Fourth, Sixth, and Eighth Amendment rights have been violated. ECF No. 1 at 4. He contends that on or about September 24, 2011, Defendant Officer Eric Hodges of the Darlington County Sheriff's Office went before a Darlington County magistrate and stated that Plaintiff was nude in photos contained on a mobile phone that



2

Plaintiff gave to minors, and a warrant (Number M820128) was obtained for Plaintiff's arrest. Plaintiff claims that Defendant Hodges repeated this alleged lie to a Darlington County grand jury and an indictment (Number DAR0940) was obtained on February 21, 2013. Plaintiff claims that he was not nude in the photos, but had on swim shorts, and that Defendant Hodges lied to obtain the warrant and indictment. Plaintiff further contends that Defendant Wayne Byrd, the Sheriff of Darlington County, gave permission for Hodges to lie to obtain the arrest documents.[2] Additionally, Plaintiff alleges that Hodges and Byrd used the arrest warrant to obtain search and seizure warrants and further indictments; ECF No. 1 at 14-15; and that the Darlington County Prosecutor "has now taken the non violent conviction to be court ordered S.V.P. and [Plaintiff] could possibly be civilly committed all because of Eric Hodges and Sheriff Wayne Byrd." ECF No. 1 at 17.

Plaintiff asserts claims for false arrest, false imprisonment, and/or denial of due process, along with (apparently) a claim concerning search warrants. Plaintiff alleges injuries of loss of family relations, damaged reputation, loss of wages, increased migraines, five years incarceration, and a $3,000 property loss.[3] ECF No. 1 at 6. He requests declaratory relief (to declare that

---

[2]Plaintiff also claims that other officers supported the alleged lie in an official cover-up to obtain Plaintiff's conviction. ECF No. 1 at 15. However, Plaintiff has not named any of these other officers as defendants to this action, and even if had intended to do so, allowing him to amend to add them would be futile, as such claims would be subject to summary dismissal for the reasons discussed herein as to Defendants Hodges and Byrd.

[3]Plaintiff appears to be attempting, in part, to bring a claim on behalf of his mother with respect to certain property (including his mother's computer) that was allegedly seized. However, Plaintiff may not bring claims on behalf of, or represent, his mother in this case. See Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981)[a prisoner cannot act as a "knight-errant" for others]; Oxendine v. Williams, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975)[a pro se prisoner unassisted by counsel cannot be an advocate for others in a class action]; Inmates v. Owens, 561 F.2d 560, 562-563 (4th Cir. 1977)[one pro se inmate does not have standing to sue on behalf of another inmate]. See also Myers v. Loudon Co. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005)[finding that a pro se person's right to litigate for oneself does not create a similar right to litigate on behalf of others]; Asad v. Arab
(continued...)



3

Defendants' acts were unconstitutional), injunctive relief (that Defendants be ordered to admit that their actions were unconstitutional and that actions be taken to rectify Plaintiff's alleged illegal incarceration and to restore his rights), and monetary damages. ECF No. 1 at 18-20.

## Discussion

Initially, the undersigned is constrained to note that Plaintiff's claims for monetary damages are subject to summary dismissal based on the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of a sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Heck, 512 U.S. at 486-487.

Records from Darlington County[4] show that Plaintiff was convicted on February 27, 2013 (jury trial) on the charges of criminal solicitation of a minor, sexual exploitation of a minor (second degree), and disseminating harmful material or exhibiting harmful performance to minors, and was sentenced to eight years imprisonment as to each conviction (concurrent sentences). See Darlington County Fourth Judicial Circuit Public Index, http://publicindex.sccourts.org/Darlington/

---

[3](...continued)
Bank, PLC, 117 F. App'x 466, 467 (7th Cir. Nov. 12, 2004)[Plaintiff who is not a lawyer may not represent the interests of any other litigant].

[4]The Court may take judicial notice of factual information located in postings on government web sites. See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, at *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869, at * 2 (E.D.La. September 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records]; Williams v. Long, 585 F.Supp.2d 679, 687–88 (D.Md. 2008)[noting that some courts have found postings on government web sites as inherently authentic or self-authenticating].



4

PublicIndex/CaseDetails.aspx?County=16&CourtAgency=16001&Casenum=2013GS1600603& CaseType=C; http://publicindex.sccourts.org/Darlington/PublicIndex/CaseDetails.aspx?County= 16&CourtAgency=16001&Casenum=2013GS1600604&CaseType=C; http://publicindex.sccourts. org/Darlington/PublicIndex/CaseDetails.aspx?County=16&CourtAgency=16001&Casenum=201 3GS1600606&CaseType=C (last visited May 12, 2017). Plaintiff was also sentenced to three years concurrent for a conviction of contributing to the delinquency of a minor. See http://publicindex. sccourts.org/Darlington/PublicIndex/PIError.aspx?County=16&CourtAgency=16001&Casenum =2013GS1600605&CaseType=C (last visited May 12, 2017). As Plaintiff has not shown a favorable termination with respect to his state court convictions, his claims for damages arising out of these charges and convictions are barred by Heck, and should be dismissed. See Lambert v. Williams, 223 F.3d 257, 260–261 (4th Cir. 2000)[claim for malicious prosecution requires a showing that the initiation or maintenance of a proceeding against the plaintiff was without probable cause to support it and a termination thereof occurred in favor of the plaintiff], cert. denied, 531 U.S. 1130 (2001); Brooks v. City of Winston–Salem, 85 F.3d 178, 183 (4th Cir. 1996)[Claim for malicious prosecution does "not accrue until a favorable termination is obtained."]; Roesch v. Otarola, 980 F.2d 850, 853–854 (2d Cir. 1992)[holding that requirement that a plaintiff receive favorable termination applies to claims of false arrest, false imprisonment, and malicious prosecution]; Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)[Heck generally applies where search and seizure issues are raised].

Moreover, Heck also acts to bar Plaintiff's claims for injunctive and declaratory relief. See Wilkinson v. Dotson, 544 U.S. 74, 81–82 ["[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target



5

of the prisoner's suit ...—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."]; Mobley v. Tompkins, 473 F. App'x 337 (4th Cir. 2012)[applying Heck in a civil action seeking damages and injunctive relief relating to federal convictions] (citing Heck at 586–87; Harvey v. Horan, 278 F.3d 370, 375 (4th Cir. 2002), abrogated on other grounds by Skinner v. Switzer, 562 U.S. 521 (2011)).

In reaching the conclusion set forth herein, the undersigned is cognizant of the fact that the Fourth Circuit, in Wilson v. Johnson, 535 F.3d 262 (4th Cir. 2008), indicated that Heck does not bar a § 1983 action where "a prisoner could not, as a practical matter, seek habeas relief"; Wilson, 535 F.3d at 268; and that it is unclear whether Plaintiff is still incarcerated on the 2013 convictions discussed above. However, even if Plaintiff is currently no longer "in custody" as to the challenged convictions, he had ample time to bring his habeas claims while in custody and has not alleged that circumstances beyond his control existed to prevent him from pursuing habeas relief. See Bishop v. County of Macon, 484 F. App'x 753, 754 (4th Cir. 2012)[Finding that the Wilson exception only applies where the plaintiff can show that circumstances beyond his control left him unable to pursue habeas remedies, and warning that "Wilson does not permit a plaintiff to end-run Heck by simply sitting on his rights until all avenues for challenging a conviction have closed."]; see also Covey v. Assessor of Ohio County, 777 F.3d 186, 197 (4th Cir. 2015) [In order for the Heck bar not to apply, the claimant must not only no longer be in custody because the sentence has been served, but also could not have practicably sought habeas relief while in custody]; cf. Ballenger v. Owens, 515 F. App'x 192, 195 n.5 (4th Cir. 2013)[Noting that where a claimant had sufficient time to pursue post conviction relief, and indeed had actually done so and was unsuccessful, the Heck bar remains even after termination of the underlying conviction or sentence].



6

Further, it is noted that Plaintiff currently has a pending application for post-conviction relief pending in the South Carolina Courts. See http://publicindex.sccourts.org/Darlington/PublicIndex/PIError.aspx?County=16&CourtAgency=16002&Casenum=2015CP1600016&CaseType=V (last visited May 12, 2017). Federal courts are not authorized to interfere with a State's pending criminal proceedings absent extraordinary circumstances. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971); Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989). Even though Plaintiff was convicted of the charges against him in a jury trial, any pending proceedings in the state court (e.g., pending applications for post-conviction relief) are still part of his "pending criminal case" as that terminology is understood under Younger and its progeny. See, e.g., Howell v. Wilson, No. 4:13-2812-JFA-TER, 2014 WL 1233703 (Mar. 25, 2014)[applying Younger as to the plaintiff's request that the district court provide direction to state court judges as to the plaintiff's PCR, criminal, and/or DNA testing cases]; Smith v. Bravo, No. 99 C 5077, 2000 WL 1051855, *5 (N.D.Ill. 2000)[presuming that Younger abstention would apply to civil case that could interfere with post-conviction proceedings]; Lockheart v. Chicago Police Dep't, No. 95 C 343, 1999 WL 639179, *2 (N.D.Ill. Aug. 17, 1999)[applying Younger because post-conviction proceedings were pending].

In Cinema Blue of Charlotte, Inc., the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Id. at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. See Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (en banc)["Congress and the federal judiciary have



7

consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."]; cf. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)[federal courts cannot review state court proceeding in appellate sense]; Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d 586, 587-88 & nn.2-4 (4th Cir. 1969)[federal courts may not issue writs of mandamus against state courts].

Additionally, to the extent Plaintiff is requesting release from custody, such relief may only be obtained in a habeas action, not in a § 1983 case. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)[complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983]. In Heck, the Fourth Court reiterated that release from prison is not a remedy available under 42 U.S.C. § 1983. Heck, 512 U.S. at 481 [stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"]. If Plaintiff wishes to challenge the duration of his confinement, he must obtain habeas forms from the Clerk of Court and file a separate action, after he has fully exhausted his state court remedies.[5]

---

[5]Even if Plaintiff has been released from custody as to his state court convictions, this Court should abstain from interfering with the pending civil commitment proceedings against him. The Fourth Circuit has held that the Younger abstention doctrine applies "to noncriminal judicial proceedings when important state interests are involved." Harper v. Public Serv. Comm'n of W. Va., 396 F.3d 348, 351 (4th Cir. 2005)[property law concerns] (citing Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). The South Carolina Supreme Court has upheld the SVPA and its procedures as a constitutionally valid exercise of the State's power to protect its citizens from sexually violent predators; In re: Luckabaugh, 568 S.E.2d 338, 348 (S.C. 2002); and the Court of Appeals of South Carolina has stated that protecting minors from sexual

(continued...)



8

It is also readily apparent from a plain reading of the Complaint that this lawsuit is duplicative of an earlier case Plaintiff filed in this court against these same two (2) Defendants. See Tyler v. Hodges, No. 4:16-1151-MGL-BM (D.S.C.).[6] In that case, Plaintiff alleged that he was being falsely imprisoned and that his due process rights were being violated. Tyler v. Hodges, No. 4:16-1151-MGL-BM, 2016 WL 4205699 (D.S.C. July 27, 2016), adopted by 2016 WL 4179369 (D.S.C. Aug. 8, 2016), aff'd, __ F.App'x __, 2017 WL 75779 (4th Cir. Jan. 9, 2017).[7] Thus, this duplicate § 1983 Complaint is frivolous and subject to dismissal on that basis. See Cottle v. Bell, No. 00-6367, 2000 WL 1144623, at *1 (4th Cir. Aug.14, 2000) ["Because district courts are not

---

[5](...continued)
predators is an important state interest. See State v. Reid, 679 S.E.2d 194, 201 n. 6 (S.C.Ct.App. 2009)[discussing South Carolina's important public policy of protecting minors from harm in the context of an internet solicitation of a minor case]. Another district court in this circuit has found that Heck barred both a claim that the plaintiff was being held past his mandatory parole release date as to his state convictions and his civil confinement pending assessment as a SVP; Huff v. Attorney General of Va., No. 3:07cv744, 2008 WL 4065544 (E.D.Va. Aug. 26, 2008), aff'd, 323 F. App'x 293 (4th Cir. 2009); and other circuits have applied Younger to pending civil commitment proceedings. See Sweeney v. Bartow, 612 F.3d 571, 572 (7th Cir. 2010)["The principles of Younger are applicable to habeas petitions from pending [Wisconsin] sexually violent person commitments."]; Smith v. Plummer, 458 F. App'x 642, 643 (9th Cir. 2011)[Younger doctrine extends to state civil judicial proceedings where there is an ongoing state-initiated judicial proceeding, the proceeding implicates important state interests, the federal litigant is not barred from litigating federal constitutional issues in the state proceeding, and federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere in a way that Younger disapproves].

[6]Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records]; Parker, 956 F.2d at 171.

[7]Additionally, Plaintiff also brought a case in 2012 in which he alleged (among other things) that Byrd and Hodges illegally arrested him and subjected him to a wrongful search and seizure. Plaintiff did not request monetary damages in that case, and the undersigned recommended that the Court abstain from equitably interfering in Plaintiff's state criminal case (which appeared to still be pending at that time). The Honorable Mary G. Lewis, United State District Judge, adopted the report and recommendation, granted the defendants' motion for summary judgment, and dismissed the case with prejudice. See Tyler v. Byrd, No. 9:12-3183-MGL, 2013 WL 5657957 (D.S.C. Oct. 15, 2013).



9

required to entertain duplicative lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)"]; Aziz v. Burrows, 976 F.2d 1158 (8th Cir.1992)["[D]istrict courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party."]; see also Aloe Creme Laboratories, Inc., 425 F.2d at 1296 ["The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."].

Finally, while it is unclear, Plaintiff may also be attempting to assert state law claims in his Complaint. However, since, for the reasons discussed, Plaintiff has asserted no valid federal claim, this Court should not exercise supplemental jurisdiction over any state law claims Plaintiff may be attempting to assert.[8] See 28 U.S.C. § 1367; see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002)[affirming district court's dismissal of state law claims when no federal claims remained in the case]. Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) ["[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants"]. Thus, any state law claims should be dismissed without prejudice.

## Recommendation

Based on the foregoing, it is recommended that the Court **dismiss** Plaintiff's Complaint without prejudice and without issuance and service of process.

---

[8]While a civil action for a state law claim would be cognizable in this Court on its own under the federal diversity statute, that statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). See 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). Here, all parties to this action are residents of South Carolina, so diversity of citizenship does not exist. Accordingly, this Court has no diversity jurisdiction over any state law claims being asserted.



10

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

May 16, 2017
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

